IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ERIC WARBELTON, and JOSE SILVA, | ) ) ) | 8:09CV132 |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | **MEMORANDUM AND ORDER** |
| ROBERT HOUSTON, et al., | ) ) | |
| Defendants. | ) | |

Plaintiffs filed their Complaint on April 14, 2009. (Filing No. 1.) Plaintiffs have previously been given leave to proceed in forma pauperis. (Filing Nos. 11 and 12.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.     SUMMARY OF COMPLAINT**

Plaintiffs filed their Complaint on April 14, 2009, against twenty Tecumseh State Correctional Institution ("TSCI") employees. (Filing No. 1 at CM/ECF p. 1.) Plaintiffs are currently incarcerated at TSCI in Tecumseh, Nebraska. (*Id*.)

Condensed and summarized, Plaintiffs allege that they are being harassed for talking about the "Falls City Mafia." (*Id*. at CM/ECF pp. 6-7, 10-11, 31-32.) The Falls City Mafia is a group of correctional officers and staff from Falls City, Nebraska, that work at TSCI. (*Id*. at CM/ECF p. 10.) Because Plaintiff Warbelton talked about the Falls City Mafia, he was forced to "to stay and scrub" kitchen walls at his prison job "while other inmate workers were allowed to leave." (*Id*. at CM/ECF pp. 12-13.) In addition, his grievances were altered, and on two separate occasions, he was placed in a "holding cell" because another inmate made a comment about the Falls City Mafia. (*Id*. at CM/ECF pp. 3, 12-13.) TSCI staff have repeatedly warned

Plaintiff Warbelton that he would be disciplined if he did not stop talking about the Falls City Mafia. (*Id*. at CM/ECF pp. 11-13.)

Similarly, TSCI staff also warned Plaintiff Silva, Plaintiff Warbelton's cell-mate, not to talk about the Falls City Mafia. On October 27, 2008, Defendant Mars told Plaintiff Silva to stop referring to the Falls City Mafia or "he would make [his] time harder." (*Id*. at CM/ECF p. 32.) Two weeks later, Plaintiff Silva "received a major rule infraction" for allegedly referring to "Case-worker Campbell" as a member of the Falls City Mafia. (*Id*.) Plaintiff Silva also alleges that staff associated with the Falls City Mafia are intentionally mishandling his grievances. (*Id*.)

Plaintiffs seek injunctive relief in the form of a court order that directs Defendants to stop harassing them. (*Id*. at CM/ECF p. 8.) They also seek $500,000.00 in monetary damages. (*Id*.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon

which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION OF CLAIMS

### A. Plaintiffs' Monetary Damages Claims

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

Where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only. *See, e.g., Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (stating that "[t]his court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). In addition, a claim against an individual, in her official capacity, is in reality a claim against the entity which employs the official. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. . . . Therefore, the appellants in this case will collectively be referred to as the City.") (quotations omitted). *Accord Eagle v. Morgan*, 88 F.3d 620, 629 n.5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). As such, damages claims against individual state employees acting in their official capacities are also barred by the Eleventh Amendment. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997).

Here, Plaintiffs seek monetary damages and injunctive relief. (Filing No. 1 at CM/ECF p. 8.) However, Plaintiffs have not specified the capacity in which they sue Defendants. (*Id*. at CM/ECF pp. 1-45.) Thus, the court presumes Defendants are sued in their official capacities only. As set forth above, the Eleventh Amendment bars damages claims against state employees sued in their official capacities. Plaintiff identifies Defendants as employees of the TSCI, which is an instrumentality of the State of Nebraska. (*Id*. at CM/ECF p. 4.) As such, Defendants enjoy sovereign immunity for damages claims made against them in their official capacities. Therefore, Plaintiffs' monetary damages claims against Defendants are dismissed pursuant to 28 U.S.C. § 1915(e).

B.   Plaintiffs' Claims Against Defendants Gage, Bushboom, Connelly, McDonnell, Hillman, Root and Simon

Plaintiffs list Defendants Gage, Bushboom, Connelly, McDonnell, Hillman, Root and Simon in the caption of their Complaint. (Filing No. 1 at CM/ECF p. 1.) However, Plaintiffs make no allegations against these Defendants in the body of the Complaint. (*Id.* at CM/ECF pp. 1-45.) A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed pro se complaint that was silent as to defendant except for his name appearing in caption)). Because Plaintiffs failed to allege that Defendants Gage, Bushboom, Connelly, McDonnell, Hillman, Root and Simon were personally involved in the alleged misconduct, Plaintiffs' claims against these Defendants must be dismissed.

C.   Plaintiffs' Retaliation Claims Against the Remaining Defendants

Liberally construed, Plaintiffs allege a First Amendment retaliation claim against the remaining Defendants. To establish a First Amendment retaliation claim under 42 U.S.C. § 1983, Plaintiffs must show (1) they engaged in a protected activity, (2) the government official took adverse action against them that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity. *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).

Here, Plaintiffs have alleged that they referred to a group of correctional officers and staff as the "Falls City Mafia." (Filing No. 1 at CM/ECF pp. 6-7, 10-11, 31-32.) Because of this reference, Plaintiffs were "harassed" and threatened by TSCI employees. (*Id.*) Plaintiff Warbelton was forced to perform extra duties at his prison

job and on two separate occasions he was placed in a "holding cell." (*Id*. at CM/ECF pp. 12-13.) Likewise, Plaintiff Silva "received a major rule infraction" and his grievances were intentionally mishandled. (*Id*. at CM/ECF p 32.) Liberally construed, Plaintiffs' allegations "nudge" their retaliation claim across the line from conceivable to plausible. As a result, Plaintiffs' First Amendment retaliation claims against the remaining Defendants may proceed. However, the court cautions Plaintiffs that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiffs' claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1. Plaintiffs' monetary damages claims against Defendants are dismissed.

2. Plaintiffs' claims for injunctive relief against Defendants Gage, Bushboom, McDonnell, Connelly, Hillman, Root and Simon are dismissed.

3. Plaintiffs' First Amendment retaliation claims for injunctive relief against the remaining Defendants may proceed and service is now warranted.

4. To obtain service of process on the remaining Defendants, Plaintiffs must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send THIRTEEN (13) summons forms and THIRTEEN (13) USM-285 forms (for service on the remaining Defendants in their official capacities only) to Plaintiffs together with a copy of this Memorandum and Order. Plaintiffs shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

5. Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiffs do not need to do so.

6. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiffs are informed for the first time of these requirements, Plaintiffs are granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

7. Plaintiffs are hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

8. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**September 18, 2009**: Check for completion of service of summons."

9. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. **Plaintiffs shall keep the court informed of their current addresses at all times while this case is pending. Failure to do so may result in dismissal.**

May 22, 2009.  BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge